UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LENWORTH PARKE,** | Civil Action No. 21-20385 (CPO) |
| Petitioner, | |
| v. | OPINION |
| **WARDEN BERGAMI, FCI FAIRTON,** | |
| Respondent. | |

**O'HEARN, District Judge**.

Petitioner Lenworth Parke ("Petitioner" or "Parke") is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court dismisses the Petition for lack of jurisdiction.

I.     <u>RELEVANT BACKGROUND</u>

A jury in the Northern District of New York found Petitioner and his co-defendants guilty of "various charges stemming from the drug-related killing of an undercover police officer, deputized as a federal agent, that took place in Syracuse on October 30, 1990." *United States v. Thomas*, 34 F.3d 44, 45 (2d Cir. 1994). The sentencing court gave Petitioner a life sentence. *Id.* at 47; *see also Parke v. Kirby*, No. 16–2479 (JBS)2017 WL 1003245, at *1 (D.N.J. Mar. 15, 2017) (explaining same). Petitioner and his codefendants' convictions and sentences were affirmed on direct appeal, *Thomas*, 34 F.3d at 51, and the Second Circuit later denied Petitioner relief under 28 U.S.C. § 2255. *Parke v. United States*, 25 F. App'x 72 (2d Cir. 2002).

After unsuccessfully seeking relief pursuant to Federal Rule of Civil Procedure 60(b), *see Parke v. United States*, Civ. A. No. 97–526, 2006 WL 3051775, at *1 (N.D.N.Y. 2006), Parke filed three applications with the Second Circuit for permission to file a second or successive § 2255 motion, all of which were denied. *See Parke v. Kirby*, 441 F. App'x 64, 65 (3d Cir. 2011).

Petitioner also previously sought relief under 28 U.S.C. § 2241 in this District, and the late Honorable Jerome B. Simandle denied both petitions for lack of jurisdiction. *See Parke v. Kirby*, No. 10–4673 (JBS), 2011 WL 1546588, at *4 (D.N.J. Apr. 20, 2011); *Parke v. Kirby*, Civ. No. 16-2479, 2017 WL 1003245, at *1 (D.N.J. Mar. 15, 2017).

On March 2, 2020, the Second Circuit again denied Petitioner permission to file a second or successive § 2255 motion. (*See* App. No. 20-428 (2d Cir.), Dkt. No. 14.) On October 12, 2021, the Second Circuit denied Petitioner's then most recent application to file a second or successive § 2255 motion and imposed a filing injunction. (*See* App. No. 21-2037 (2d Cir.) at Dkt. Nos. 16, 24.)

Petitioner filed the instant Petition on December 7, 2021. (ECF No. 1.) The Court directed the government to file a limited answer addressing whether this Court has subject matter jurisdiction to consider the Petition.[1] (ECF No. 5.) The government filed its corrected answer on June 10, 2022, and Petitioner filed a traverse on June 30, 2022. (ECF Nos. 8-9.) On June 22, 2023, the government filed a letter notifying the Court of the Supreme Court's decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023). (ECF No. 10.) The government argues that *Jones* abrogates

---

[1] This Court has the power to ascertain its own jurisdiction. *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 102 (3d Cir. 2017) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

2

*In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997), and compels dismissal of Parke's § 2241 petition for lack of subject matter jurisdiction. (*See id.*)

II.   **DISCUSSION**

At issue is whether the Court has subject matter jurisdiction over Petitioner's Petition, which he brings pursuant to 28 U.S.C. § 2241. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner seeking post-conviction relief must generally bring his collateral challenge pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); 28 U.S.C. § 2255(e). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), second or successive § 2255 motions are barred unless they rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). The "savings clause" contained in § 2255(e) provides an exception to this rule and permits federal prisoners to proceed under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e).

Following the passage of AEDPA, the Third Circuit decided *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), and held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who had previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251*; see also Gardner*, 845 F.3d at 103 (explaining "that § 2255's savings clause provides a safety valve for actual innocence, but without short-circuiting § 2255's gatekeeping requirements.") (citing *Dorsainvil*, 119 F.3d at 251). Under *Dorsainvil*, a petitioner

3

must allege: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

*Dorsainvil* was settled law in this circuit until June 22, 2023, when the United States Supreme Court decided *Jones v. Hendrix*, 143 S. Ct. 1857 (2023).[2] There, the Supreme Court granted certiorari to resolve a deepening circuit split and held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id.* at 1864. *Jones* thus abrogates *Dorsainvil*, *see id.* 143 S. Ct. at 1868, and sharply curtails the use of the savings clause for collateral attacks under § 2241. As explained by the Supreme Court in *Jones*:

> Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose.

*Id.* at 1866. The Court also noted that "[t]he saving clause might also apply when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Id.* Thus, post-*Jones*, the saving clause only "preserves recourse to § 2241 in cases where unusual circumstances make it

---

[2] The petitioner in *Jones* sought relief under 28 U.S.C. § 2241 based on *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). Because *Rehaif*'s statutory holding did not satisfy § 2255(h)'s gateway conditions for a second or successive § 2255 motion, the petitioner relied on § 2255(e)'s "saving clause" and sought relief under § 2241. *See Jones*, 143 S. Ct. at 1864. The District Court dismissed the habeas petition for lack of subject-matter jurisdiction, and the Eighth Circuit affirmed. *Id.* at 1864 (citation omitted).

4

impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 1868.

Here, the Second Circuit denied Parke's first § 2255 in 2002, and he relies on the savings clause to collaterally attack his conviction and sentence under § 2241. Parke invokes *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005). (*See* ECF No. 1-2, Memorandum of Law at 3-5.) He also claims that he is legally innocent of his § 924(c) offense, but he does not explicitly refer to *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at 15-23.) Parke briefly mentions *Rosemond v. United States*, 572 U.S. 65 (2014), which clarified the standard for aider/abettor liability under § 924(c), and argues that there is insufficient evidence to support his convictions for murder under an accomplice liability theory. (*See id.* at 8-9.) Finally, Petitioner alludes in his traverse to new evidence of his innocence, but he does not elaborate as to the nature of such new evidence. (*See* ECF No. 9, Traverse at 2.)

In its initial answer, the government argues that none of Petitioner's claims fit within the narrow *Dorsainvil* exception. (*See* ECF No. 9.) But even if they did under prior precedent, *Jones* now plainly forecloses § 2241 as an avenue for relief with respect to legal innocence claims when brought in a successive petition, and Parke has not otherwise met the "impossible or impracticable" standard. *See Jones,* 143 S. Ct. at 1868; *see id.* at 1883-84 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard limits the saving clause to situations such as when the courthouse "where a § 2255 motion would have otherwise been filed has burned to the ground or been carried away by a mudslide"). The Court agrees and, for these reasons, finds that it lacks subject matter jurisdiction over the Petition.

Petitioner also claims that he can provide new evidence of his actual innocence, but that claim must be brought as a successive petition under § 2255 after receiving permission from the

Second Circuit. *See* § 2255 (h)(1). When a petitioner files a second or successive § 2255 motion "without the permission of a court of appeals, the district court's only option is to dismiss the [motion] or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Kunz v. Attorney Gen. of the State of New Jersey*, No. 16-8817, 2017 WL 44946, at *2 (D.N.J. Jan. 4, 2017) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). Because Petitioner has not cleared § 2255(h)'s gatekeeping requirements, the Court finds that the "interest of justice" does not warrant transfer. *See* 28 U.S.C. § 1631 (providing for transfer to cure want of jurisdiction "if it is in the interest of justice"). Nothing in this Opinion, however, prevents Petitioner from seeking permission from the Second Circuit to file such actions on his own.

For the reasons explained in this Opinion, the Court dismisses the Petition without prejudice for lack of subject matter jurisdiction and declines to transfer the matter to the Second Circuit. An appropriate Order follows.

DATED:  October 11, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**